UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PHILLIP HARPER,

        Plaintiff,

v.                                             Case No. 3:22-cv-1113-BJD-LLL

DEPARTMENT OF CORRECTIONS
MEDICAL DEPARTMENT and
S. GEIGER,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Phillip Harper, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) and a motion for leave to proceed in forma pauperis (Doc. 2). In the Complaint, Plaintiff names two Defendants – the Florida Department of Corrections' Medical Department and Health Service Administrator S. Geiger. Doc. 1 at 1.

Plaintiff alleges:

> I went to sick call on May 11, 2022[.] I was charge[d] $5.00 dollars[.] I had [a] problem breathing out of my nose [and] I needed a refill for my nasal spray oxymetazoline that could only be prescribed by a doctor. Also[,] I tried to get my bottom bunk pass renew[ed] because I have seizures that could only be prescribed by a doctor. Also[,] I had severe chest pain and I take high blood pressure pills for it along with my seizure pills that could only be prescribed by a doctor. The nurse that handle[d] the sick call in

>confinement charged me $5.00 and didn't let me see the doctor[.] She said my problems [are] not life threatening.

Id. at 2. As relief, Plaintiff asks to see a doctor and requests $5,000 in monetary damages for the pain and suffering he endured because of these events. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). See also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Likewise, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir.

2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). And the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. Iqbal, 556 U.S. at 678. But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).[1]

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983.

Here, Plaintiff fails to allege sufficient facts to connect any Defendant to an alleged violation of his constitutional rights. As to Defendant FDOC's Medical Department, state and governmental entities that are considered "arms of the state" are not "persons" subject to liability for purposes of a § 1983 action. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). The FDOC is an arm of the executive branch of the state government, see Fla. Stat. § 20.315, and thus is not a person for purposes of § 1983. To the extent that Plaintiff predicates liability on the FDOC as a governmental entity, the FDOC may be liable under § 1983 for failing to train its employees if: (1) the FDOC inadequately trains or supervises its employees; (2) this failure to train or supervise is a policy of the FDOC; and (3) that policy causes the employees to violate a person's constitutional rights. See Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998) (citing City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Because a governmental entity will rarely have an express policy of inadequately training or supervising its employees, a plaintiff may prove such a policy by showing that the entity's failure to train or supervise evidenced a deliberate indifference to the rights of its citizens. Gold, 151 F.3d at 1350. "To establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to

4

train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." Id. A claim about an isolated incident generally cannot sustain a claim for failure to train; rather, there must be evidence "of a history of widespread prior abuse" such that the FDOC was "on notice of the need for improved training or supervision." Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990); see also Popham v. City of Talladega, 908 F.2d 1561, 1564-65 (11th Cir.1990) (finding no liability for failure to train when no pattern of incidents put the city on notice of a need to train). Here, Plaintiff fails to adequately allege a failure to train claim against Defendant FDOC as a governmental entity, because his allegations concern an isolated incident with no assertions supporting the type of persistent abuse that would put the FDOC on notice of a need to correct the error.

Likewise, if Plaintiff is trying to hold Defendant Geiger liable based on the theory of respondeat superior, supervisory officials cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Instead, a supervisor can be liable only when that supervisor "personally participates in the alleged unconstitutional conduct or when there is a causal connection" between the supervisor's actions and the constitutional deprivation. Id. Because Plaintiff does not allege that Defendant Geiger

5

personally participated in any unconstitutional conduct, the viability of his supervisory claims depend on whether he plausibly alleges a causal connection between Defendant Geiger's actions and the alleged constitutional deprivation.

Plaintiff may establish the requisite causal connection in one of three ways: (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [or she] fails to do so"; (2) "when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights"; or (3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinate would act unlawfully and failed to stop them from doing so." Id. (internal citations and quotation marks omitted).

Plaintiff does not allege facts establishing a causal connection. For instance, he does not allege a history of widespread abuse, nor does he allege that Defendant Geiger knew of a need to train their subordinates and failed to do so. Plaintiff also does not allege that his injuries stemmed from a prison custom or policy. Instead, he presents vague and conclusory allegations that another individual who is not a defendant in this action acted deliberately indifferent to his medical needs. Thus, Plaintiff has failed to state a claim against Defendants, and the Complaint is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

3. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of December, 2021.

                                                                                    _____
                                                                                    BRIAN J. DAVIS
                                                                                    United States District Judge

Jax-7
c:  Phillip Harper, #453374